IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**LINDA JONES**                                                                                                 **PLAINTIFF**

**v.**                                                                                                 **3:08-cv-364 HTW-LRA**

**KOHL'S DEPARTMENT STORES, INC.,**
**KOHL'S CORPORATION**
**AND JOHN DOES 1-10**                                                                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a premises liability case where the plaintiff Linda Jones alleges that she was injured after falling in a Kohl's Department Store in Flowood, Mississippi, due to the existence of a dangerous condition within the store. Before the court are three motions, all brought by defendants Kohl's Department Stores, Inc. and Kohl's Corporation: a motion for summary judgment[1] [docket no. 32]; a motion to strike affidavit of plaintiff [docket no. 39]; and a motion in limine [docket no. 41]. This court grants in part and denies in part the motion for summary judgment and denies the remaining motions for the reasons herein.

### I. Jurisdiction

Title 28 U.S.C. § 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between citizens of different States." Section 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any

---

[1]Federal Rule of Civil Procedure 56(a) states in pertinent part:

A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense--on which summary judgment is sought.

1

State by which it has been incorporated and of the State where it has its principal place of business." Jones states in her complaint that defendant Kohl's Department Stores, Inc., is a foreign corporation, organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business being in Wisconsin. Jones' complaint states that defendant Kohl's Corporation is a foreign corporation, organized and existing under and by virtue of the laws of the State of Wisconsin, with its principal place of business being in Wisconsin. Jones is a resident of Mississippi.

## II. Background

The following facts are as presented by plaintiff. (Complaint, docket no. 1; Linda Jones Deposition, docket no. 32-3; Londen Ladner Deposition, docket no. 32-4).  On June 12, 2005, Linda Jones and her granddaughter Londen Ladner entered Kohl's Department Store in Flowood, Mississippi, around 7:15 p.m. in order to purchase a swimming suit for Ladner.  Upon entering the store, Jones and Ladner walked directly to the department where swimming suits were located. Jones and Ladner both noticed around fifty (50), or more, swimming suits piled up, or stacked up, on the floor against the wall.

Around 7:30 p.m. Jones felt something suddenly "grab" or "catch" her right foot, and she fell forward, landing on her right shoulder and sustaining injuries to her shoulder and face. (Jones Deposition, p.36, lines 2-4).  Ladner heard Jones scream, went to where Jones had fallen and found Jones lying on the floor of the store.  In an attempt to identify the cause of the fall, Ladner moved a few of the swimsuits that were on the floor close to where Jones fell and discovered a rod.  Neither Jones nor Ladner recalled seeing any employees while they were in the department of the store where

the swimming suits were located. On June 14, 2005, Melanie Turner, personnel/ operations manager of the Flowood Kohl's completed an incident report, describing the incident by stating "customer [Jones] said she fell over [an] empty rod on bottom of fixture" and injured her rotator cuff. (Incident Report, docket no. 32-3).

On June 12 , 2008, Jones filed suit in this court against Kohl's Department Stores, Inc., Kohl's Corporation and John Does 1-10 (collectively "the Kohl's Defendants"). (Complaint, docket no. 10). Jones alleges that the Kohl's Defendants were negligent in contributing to and/or failing to warn her of the dangerous condition that caused her to fall. She also alleges that the Kohl's Defendants destroyed the surveillance tape of her alleged fall and in doing so committed "the independent torts of spoliation [of evidence], interference with a civil action, and the tort of outrage." (Complaint, ¶ ¶ 29-30). Jones seeks compensatory and punitive damages.

### III. Discussion

**A. Motion for Summary Judgment**

**1. Standard**

Rule 56(a) requires that this court grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(c) instructs that:

> (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>   (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>   (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce

admissible evidence to support the fact.

"The court need consider only the cited materials, but it may consider other materials in the record." Rule 56(c)(3). The evidence and inferences from the record are viewed in the light most favorable to the nonmovant. *Morgan v. Plano Indep. Sch. Dist.*, 589 F.3d 740, 745 (5th Cir. 2009). The moving parties, here the Kohl Defendants, have the burden of showing that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. *See* F.R.C.P. 56(a).

**2. Analysis**

Federal courts sitting in diversity apply state substantive law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817 (1938)).

**a. Negligence**

It is undisputed that Jones was a business invitee. *Corley v. Evans*, 835 So. 2d 30, 37 (Miss. 2003) ("[A]n invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage."). As a business invitee, Kohl's owed Jones "the duty to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view." *Id.* To show that a store negligently breached this duty to its customers, a plaintiff may rely on one of three theories. Plaintiff must (1) show that some negligent act of the defendant caused her injury; or (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) show that the dangerous condition existed for a sufficient

amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition. *Anderson v. B. H. Acquisition, Inc.*, 771 So. 2d 914, 918 (Miss. 2000). Regarding those elements, the Kohl's Defendants assert that there is no genuine issue of material fact, i.e., no evidence provided by plaintiff as to the cause of Jones' fall; the length of time the alleged condition that led to the fall existed before Jones fell; and whether the employees at Kohl's caused the alleged condition that led to Jones' fall.

The court has before it only circumstantial evidence. Having considered the deposition testimony of Jones, Ladner, and Turner, along with the incident report, this court finds that a genuine issue of material fact exists as to whether something grabbed or caught Jones' foot causing her to fall on the floor in Kohl's; whether the condition that caused Jones' fall had existed for such a length of time that the Kohl's employees should have been aware of the condition; and whether the employees stacked the swimsuits against the wall thereby contributing to, or causing, the dangerous condition. Drawing all inferences in favor of Jones, this court must deny summary judgment as to Jones' negligence claim.

### b. Spoliation [of Evidence], Interference with a Civil Action, and the Tort of Outrage

The Kohl's Defendants assert that there is no factual or legal basis for Jones' remaining claims based on the allegation that Kohl's destroyed videotape of Jones' fall. The Kohl's Defendants cite *Richardson v. Sara Lee Corp.*, 847 So. 2d 821, 823-34 (Miss. 2003), in which the Mississippi Supreme Court held that it does not recognize a tort claim for the spoliation of evidence, either intentional or negligent.

5

Further, Turner testified in her deposition that the day after the alleged fall she asked the loss prevention associate on duty if there was a tape at the time and location of the fall. (Turner Deposition, docket no. 32-5, pp.43-44). The associate informed Turner that there was not a camera in the area of the fall.

Jones did not respond to the Kohl's Defendants' arguments or case law concerning the tort of spoliation of evidence. This court is persuaded that there is no genuine issue of material fact on this issue. This court grants summary judgment in relation to Jones' spoliation claims.

### B. Motion to Strike Affidavit of Plaintiff

The Kohl's Defendants request that this court strike the affidavit of Jones that was filed in support of her response to the Kohl's Defendants' motion for summary judgment. That request is denied.

### C. Motion in Limine

The Kohl's Defendants contend that Jones has failed to timely make expert witness disclosures as required under Federal Rule Civil Procedure 26(a)(2)(A)-(C)[2]

---

[2]Rule 26(a)(2)(A)-(C) provides:

(2) Disclosure of Expert Testimony.
    (A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
    (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
        (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
        (ii) the facts or data considered by the witness in forming them;

and Local Uniform Civil Rule 26(a)(2)(B)-(D)[3].

Jones' deadline for expert designation was January 26, 2009. (Scheduling Order, docket no. 11). The Kohl's Defendants assert, and Jones concedes, that Jones missed

---

        (iii) any exhibits that will be used to summarize or support them;
        (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
        (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
        (vi) a statement of the compensation to be paid for the study and testimony in the case.
    (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
        (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
        (ii) a summary of the facts and opinions to which the witness is expected to testify.

[3]Local Rule 26(a)(2)(B)-(D) states:

(2) Expert Witnesses. A party must make full and complete disclosure as required by FED.R.CIV.P. 26(a)(2) and L.U.CIV.R. 26(a)(2)(D) no later than the time specified in the case management order. Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial.

. . . .

(B) An attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or sua sponte by the court.

(C) Discovery regarding experts must be completed within the discovery period. The court will allow the subsequent designation or discovery of expert witnesses only upon a showing of good cause.

(D) A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under FED.R.EVID. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify. The party must also supplement initial disclosures.

that deadline.

Further, the Kohl's Defendants indicate that all the information they have concerning Jones' experts was submitted by Jones in response to the Kohl's Defendants' interrogatories and requests for production of documents and was insufficient to comply with the applicable federal and local civil rules. The Kohl's Defendants requested in their interrogatories all information concerning Jones' expert witnesses, including, inter alia, name of the expert, qualifications to testify, substance of the facts and opinions to which the expert testify, and citations to information on which the expert will rely. Jones responded on February 17, 2009, listing Felix Savoie, M.D. and Mark Livingston, Physical Therapist, as her expert witnesses and providing their addresses. Jones did not provide for either witness his qualifications, the substance of his testimony, or any citations to materials upon which he would rely. Jones did, however, provide the medical records of Dr. Savoie and Livingston with her responses to requests for production of documents, which were served on February 17, 2009. Jones has not subsequently supplemented her responses.

In determining whether to exclude expert testimony for a party's failure to timely disclose, this court considers the following four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

This court will allow the testimony of Dr. Savoie and Livingston. The testimony of each shall be limited to the information in the medical records Jones has provided to

the Kohl's Defendants in discovery. Jones asserts that the Kohl's Defendants have had the medical records, the substance of the proposed testimony, since November 24, 2008. The Kohl's Defendants do not dispute this contention. By the Kohl's Defendants' own admission, at the latest they had the medical records by February 17, 2009. Accordingly, this court finds no prejudice to the Kohl's Defendants in allowing the expert testimony at issue. If the Kohl's Defendants need to move for leave to redesignate experts or reopen discovery as a result of this court's ruling, this court will consider such a motion.

## IV. Conclusion

For the foregoing reasons, this court grants in part and denies in part the defendants' motion for summary judgment **[docket no. 32]** and denies the defendants' motion to strike affidavit of plaintiff **[docket no. 39]** and motion in limine **[docket no. 41]**.

SO ORDERED, this the 29th day of August, 2011.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

Civil Action No. 3:08cv364 HTW-LRA
Order Granting in Part and Denying in Part Motion for Summary Judgment
Order Denying Motion to Strike Affidavit
Order Denying Motion in Limine